UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JAMES E. BRABSON III,

    Plaintiff,

    v.                                        CAUSE NO. 1:23-CV-126-HAB-SLC

TROY HERSHBERGER, et al.,

    Defendants.

## OPINION AND ORDER

James E. Brabson III, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Brabson is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As a preliminary matter, Mr. Brabson recently filed a motion for leave to proceed in forma pauperis. (ECF 8.) However, this motion is unnecessary because he was

already granted leave to proceed in forma pauperis in this case.[1] (ECF 3.) The motion will be denied.

Mr. Brabson is a pretrial detainee at the Allen County Jail. He claims that on or about March 3, 2023, he was given a Kosher food tray by Officer Dietel (first name unknown). He claims he told Officer Dietel he was not supposed to have a Kosher food tray and instead was supposed to receive a 2,500-calorie food tray. The officer said "he'd take care of it" and left to investigate. The officer then came back with a food tray which Mr. Brabson claims was "uncovered and cold." The officer told him the tray was "heart healthy." Mr. Brabson told him it was not the right tray, but the officer allegedly responded, "Well, that's all your gonna get." Mr. Brabson claims he took a "couple bites" of the food and became "extremely lightheaded due to the saltiness of the food." He claims he told Officer Dietel he needed medical attention because the food was too salty, but the officer allegedly ignored him. The following day, he was seen by medical staff and it was determined that his blood pressure was high. The doctor switched his medication and put him on a "three day blood pressure check." Based on this incident, he sues Officer Dietel and Allen County Sheriff Troy Hershberger, seeking monetary damages.

Because Mr. Brabson is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v.*

---

[1] The court is aware that he has not paid the initial partial filing fee assessed in April 2023. However, his recently filed motion reflects that he does not have sufficient funds to do so, and because of a negative balance on his account, is unlikely to have such funds in the near future. The case will proceed to screening, but he is reminded that he remains obligated to pay the full filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

2

*Hendrickson*, 576 U.S. 389 (2015)). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). However, the "Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.*

Detainees are also entitled to necessary medical care. *Miranda*, 900 F.3d at 353-54. To establish a Fourteenth Amendment violation, a detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is reasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353.

3

As Mr. Brabson describes this incident, Officer Dietel gave him a food tray and was told it was the wrong tray. The officer went to investigate, came back with another tray that was labeled "heart healthy," and gave it to Mr. Brabson. Although Mr. Brabson complained about that tray as well, the court cannot plausibly infer that Officer Dietel gave him the tray to punish him, or that it was objectively unreasonable to give Mr. Brabson a tray that was labeled "heart healthy" when he apparently suffers from high blood pressure.[2] Nor can the court plausibly infer that eating a few bites of food negatively impacted Mr. Brabson's health in any meaningful way. As far as the complaint reveals, he was seen by medical staff the following day and the problem with his blood pressure was addressed. At most he alleges conduct in the vein of negligence by Officer Dietel, which cannot support a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353. If he is claiming Officer Dietel failed to follow jail protocols with respect to the food trays, this does not state a claim for relief under 42 U.S.C. § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations").

He also claims Officer Dietel brushed off his request for medical care, but it can be discerned that he told the officer he needed medical help because the food was too salty. Jail staff "are neither required nor expected to believe everything inmates tell them." *Olson v. Morgan*, 750 F.3d 708, 713 (7th Cir. 2014). He does not describe any

---

[2] To the extent he is complaining about the temperature of the food, being served one tray with cold food is not the type of deprivation that would violate the Constitution. *See Hardeman v. Curran*, 933 F.3d 816, 823–24 (7th Cir. 2019); *Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015).

visible symptoms he was experiencing that would have suggested to Officer Dietel that immediate medical care was necessary, and as far as the complaint reveals, he did not suffer any significant medical problems before being seen by medical staff the following day. Again, the conduct he describes by Officer Dietel is in the vein of negligence, which cannot support a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353.

He also names Sheriff Troy Hershberger as a defendant but does not mention him in the narrative section of the complaint. It appears he is trying to hold the Sheriff liable because he oversees operations at the jail, but there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Supervisory correctional staff can be held liable for a constitutional violation only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). As outlined above, Mr. Brabson has not plausibly alleged that Officer Dietel committed a constitutional violation. Even if he had, there is insufficient factual content from which the court could plausibly infer that Sheriff Hershberger knew about the conduct and condoned, facilitated, or approved of it.

Therefore, he has not stated a plausible constitutional claim against any defendant. In the interest of justice, the court will allow him an opportunity to file an amended complaint if, after reviewing the court's order, he believes that he can state a claim based on this incident, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) DENIES as unnecessary the plaintiff's motion for leave to proceed in forma pauperis (ECF 8);

(2) GRANTS the plaintiff until **August 18, 2023**, to file an amended complaint; and

(3) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on July 19, 2023.

                                                s/Holly A. Brady  
                                                JUDGE HOLLY A. BRADY  
                                                UNITED STATES DISTRICT COURT