UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES E. BRABSON III, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-126-HAB-SLC |
| OFFICE DIETEL, | |
| Defendant. | |

OPINION AND ORDER

James E. Brabson III, a prisoner proceeding without a lawyer, filed an amended complaint. (ECF 10.) The court determined that his original complaint was subject to dismissal under 28 U.S.C. § 1915A, but afforded him an opportunity to amend his complaint before dismissing the case. He responded with the present filing.[1] His amended complaint supersedes the original complaint and controls the case from this point forward. *French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009).

As required by 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp.*

---

[1] A portion of the amended complaint reads more like a narrative response to the court's screening order than a complaint asserting factual allegations. Nevertheless, the court has endeavored to give this pleading liberal construction and to discern within it any viable claims.

*v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Brabson is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Brabson is a pretrial detainee at the Allen County Jail. He claims that on March 3, 2023, he was given a food tray by Officer Dietel (first name unknown) containing food that was overly salty. He claims that he has high blood pressure and that after he ate a few bites of the food, he threw up, felt dizzy, and began sweating "badly." He claims he told Officer Dietel he needed medical attention. It can be discerned that he received medical attention the following day from a nurse who assessed his symptoms. She took his temperature, noted it was "higher than normal," and told him she would return later. When she returned, he still had a fever and so she called the doctor, who assessed him and changed his medication. As far as the amended complaint reveals, his symptoms resolved.

Because Mr. Brabson is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). However, the "Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "A pretrial

2

condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.*

To assert a Fourteenth Amendment claim based on the denial of medical care, a detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," however, and allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353.

As Mr. Brabson describes this incident, Officer Dietel gave him a food tray containing food that he found too salty. The court cannot plausibly infer from his allegations that Officer Dietel gave him the tray to punish him, or that it was objectively

3

unreasonable to give him this particular food tray.[2] Assuming the salt content in the food was linked to the symptoms he experienced, his allegations reflect that he was seen by medical staff the day after this incident, his medication was changed, and his symptoms resolved. At most he alleges conduct in the vein of negligence by Officer Dietel, which cannot support a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353.

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted). Mr. Brabson has already amended his complaint once, and the court finds no basis to conclude that if given another opportunity, he could assert a plausible constitutional claim against Officer Dietel, consistent with the allegations he has already made under penalty of perjury.

For these reasons, this action is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. The clerk is DIRECTED to close this case.

---

[2] In his original complaint, he asserted under penalty of perjury that the food tray Officer Dietel gave him was labeled as "heart healthy." (ECF 1 at 2.) He further asserted that he told Officer Dietel he was supposed to receive a "2,500 calorie food tray," which as far as his complaint revealed, contained no limitation on salt. (*Id.*) He cannot avoid dismissal by elaborating on his allegations in a way that conflicts with his earlier allegations. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 (7th Cir. 2012).

4

SO ORDERED on August 22, 2023.

                                                             s/Holly A. Brady  
                                                             CHIEF JUDGE  
                                                             UNITED STATES DISTRICT COURT